## J. K. INMAN v. STATE.

No. A-4285. Opinion Filed Jan. 24, 1924.
(222 Pac. 271.)

(Syllabus.)

**Homicide—Evidence Sustaining Conviction for Shooting Another with Intent to Kill.** In a prosecution for shooting another with intent to kill, evidence examined, and held sufficient to sustain verdict and judgment of conviction, and that no material error was committed on the trial.

Appeal from District Court, Grady County; Edward Dewes Oldfield, Special Judge.

J. K. Inman was convicted of shooting another with intent to kill, and he appeals. Affirmed.

Holding & Herr, for appellant.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.  The information in this case charges that in Grady county, on or about the 10th of Septmber, 1920, J. K. Inman did shoot one J. T. Collops with a pistol, with intent to kill.  Upon the trial the jury found him guilty of assault with intent to kill, and assessed his punishment at imprisonment in the penitentiary for a term of 10 years.  From the judgment rendered in accordance with the verdict an appeal was perfected by filing in this court, on April 8, 1922, a petition in error with case-made.

The facts briefly stated are that on the date alleged, appellant was in the town of Alex, and purchased some gasoline at the store of Cruse & Co., from R. A. Thomas, a clerk who was in charge of said store, and gave in payment of said gasoline a check made payable to J. W. Jackson and indorsed by Jackson.  Shortly afterwards Thomas became alarmed about the validity of the check, and, after making some inquiries and investigation, reported the matter to J. T. Collops, town marshal of the town of Alex, who, after having received a description of appellant and his companion, pursued and overtook them on the public highway about 3 miles north of Alex.

J. T. Collops testified:

"I, with Ed Standfield, Bill Miller, and a boy, started after them in a Ford car. When we overtook them, defendant's car stopped; the man with him got out of the car.  I said to defendant, 'I am an officer and you have to go back to Alex, you are charged with passing some bad checks.' We talked there perhaps 5 minutes.  I told him I was city marshal of Alex and a deputy sheriff.  Finally he said, 'all right.'

He pushed himself over in the car and came up with an automatic pistol. I grabbed it. It went off. It tore my hand here. I threw my gun over, and the man standing there grabbed my arm. I walked backwards with him and went behind the car. I saw defendant getting out of the car, but before I could do anything there was a shot and a crash. The shot paralyzed me. It struck me near the backbone. I never knew anything more. When I came to nobody was there."

The errors assigned are that the court erred in overruling defendant's plea in abatement, erred in its rulings in the admission and rejection of evidence, and erred in giving its charge to the jury.

We have examined the record, and our conclusion is that not one of the contentions made by counsel for appellant can be sustained. The record presents not one proposition of law which is novel, and which has not been time and again decided by this court, and it would subserve no useful purpose whatsoever to write an opinion specifically considering the contentions made and our reasons for overruling them.

It is our opinion that the case was fully submitted to the jury, that defendant had a fair trial, and the evidence showed defendant's guilt beyond any and all question.

The judgment of the district court is therefore affirmed.

MATSON, P. J., and BESSEY, J., concur.